IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WALTER J BROIS,

    Plaintiff,

v.     CASE NO. 1:16-cv-21-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a handwritten "Emergency Complaint/Petition/Injunction" construed as a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is an inmate who was confined at Mayo Correctional Institution when the case was filed. The Complaint was originally filed in the Middle District of Florida, Tampa Division. Because the Complaint concerns the conditions of Plaintiff's confinement at Mayo CI, the case was transferred here. ECF No. 3.[1]

---

[1] A review of the Department of Corrections' online inmate locator reflects that Plaintiff is presently confined at the Northwest Florida Reception Center. Plaintiff has not notified the Court of his change of address.

In the Complaint, Plaintiff alleges that he has testified in several murder cases for the State of Florida and that as a consequence he has been subjected to threats of harm and attacks by other inmates, including being stabbed by another inmate in 2011 when he was in protective management at Columbia CI.  Plaintiff alleges that he has had to miss meals and that he lives in fear that he will be killed at any time.  He alleges that he recently learned from officers at Mayo CI that there are pending "hits" on his life.  Plaintiff alleges that he has been transferred to various institutions, and that the Florida Department of Corrections has ignored his safety.  He contends that the DOC cannot protect him unless they continue to lock him in a cell without the same rights as general population inmates.  He contends that a corrections officer told other inmates that he is a confidential informant and said that "she doesn't like rats."  ECF No. 1.

For relief, Plaintiff seeks an injunction placing him in federal protection.  He also asks for an order to show cause why the Hillsborough County State Attorney's Office has not contacted "Witec" to evaluate him for protection.

As Plaintiff notes in the Complaint, he has previously sought similar relief in federal court.  In June 2013, Plaintiff filed an emergency motion

seeking placement in protective custody pursuant to 18 U.S.C. § 3521 in *Brois. V. Attorney General*, Case No. 8:13-mc-40-JDW-TBM (M.D. Fla. 6/27/13).  The court denied the motion because § 3521 grants the Attorney General of the United States the sole discretion to provide for witness relocation and protection in certain cases, and the court lacked jurisdiction to provide the requested relief.  *Id*. ECF No. 2 (citing *Boyd v. T'Kach*, 26 Fed. Appx. 792, 794 (10th Cir. 2001) (holding that whether a witness will be protected under the witness protection program is entirely within the Attorney General's discretion); *United States v. Gigante*, 187 F.3d 261, 262 (2nd Cir. 1999) (district courts lack jurisdiction under § 3521 to consider request of prisoner that he be returned to witness protection program); *Garcia v. United States*, 666 F.2d 960, 962 (5th Cir. 1982) ("One cannot receive protection simply on demand.")).

The court dismissed the case but referred the matter to the U.S. Attorney for the Middle District of Florida for consideration in accordance with 18 U.S.C. § 3521.  The Court further informed Plaintiff that to the extent he believed his civil rights had been violated, he could file a civil rights complaint.  *Id*. ECF No. 2 at 2 n. 2.

The Assistant U.S. Attorney for the Middle District of Florida

subsequently filed an "Informative Notice" regarding Plaintiff's request for federal protective custody. *Id*. ECF No. 3. The AUSA contacted the Witness Security and Special Operations Unit of the Office of Enforcement Operations within the Criminal Division of the Department of Justice ("WitSec"), which manages the federal Witness Protection Program. The AUSA also contacted the state prosecutor in one of the cases that Plaintiff testified in, a detective who investigated the case, and the DOC. The AUSA reported that the information was insufficient to determine that Plaintiff met the "strict criteria" to be placed in the Federal Witness Protection Program, including that the testimony must have been provided in a case involving a major organized criminal activity or other serious offense and that the importance of the testimony, and lack of alternative sources for it, must be shown. The AUSA recommended that Plaintiff contact the state officials with whom he cooperated for further assistance, and stated that the U.S. Attorney's Office would follow up with the DOC to ensure it understood the safety concerns that Plaintiff raised through his motion. *Id*. ECF No. 3.

In August 2013, Plaintiff filed a civil rights complaint in *Brois v. Attorney General*, Case No. 8:13-cv-2223-JDW-EAJ (M.D. Fla. 2014), while he was confined at Gulf CI. Plaintiff made similar claims regarding

threats to his safety. The case was dismissed as moot following his transfer to Liberty CI. *Id*. ECF No. 5.

The foregoing reflects that Plaintiff previously unsuccessfully sought the same relief in federal court that he seeks in the instant action. Although Plaintiff reasserts his claim that his safety can only be secured by placement in federal protective custody, none of his allegations suggest any new or different information from that considered by the Middle District of Florida in denying his claim.

Plaintiff alleges that his life is in danger, an allegation that the Court takes very seriously. However, his allegations also suggest that the DOC is addressing his concerns by way of protective custody separate from the general population, which deprives Plaintiff of the same rights as general population inmates. *See* ECF No. 1 at 1.

As the court previously advised Plaintiff, if he believes his civil rights are being violated in connection with his conditions of confinement, then his recourse is to file a civil rights complaint. Accordingly, on February 3, 2016, the Court ordered Plaintiff to file a complaint on the Court's civil rights complaint form and to file a motion for leave to proceed as a pauper on or before March 3, 2016.

As of this date, Plaintiff has not filed a complaint or moved for leave

to proceed as a pauper.  Plaintiff filed a response to the Court's order, ECF No. 7, stating that he is not seeking to file a lawsuit but rather seeks to be transferred to federal custody for his personal safety for the remainder of his sentence.

Plaintiff's claims challenge his conditions of confinement, and his remedy in this Court would be by way of a civil rights complaint.  Plaintiff has been afforded an opportunity to file a complaint, and has declined to do so.  Further, because Plaintiff is no longer confined at Mayo CI it appears that any claims for injunctive relief from his conditions of confinement at that prison are moot.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** without prejudice for failure to prosecute and failure to comply with an order of the Court.

**IN CHAMBERS** in Gainesville, Florida this 8th day of March 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Page 7 of 7*

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.